UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE AVALOS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BILL NILSSON, an individual; ANTHONY LAMBETECCHIO, an individual; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 1:20-cv-01743-NONE-BAM<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT**<br><br>(Doc. 18)<br><br>**FOURTEEN (14) DAY DEADLINE** |

On June 11, 2021, Plaintiff George Avalos ("Plaintiff") filed an application for default judgment against Defendant Anthony Lambetecchio.[1] ("Defendant").  (Doc. 18.)  No opposition was filed.  The motion was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  The Court deemed the matter suitable for decision without oral argument pursuant to Local Rule 230(g) and vacated the hearing set for July 16, 2021.  (Doc. 20.)

Having considered the moving papers and the record in this action, the Court RECOMMENDS that Plaintiff's motion for default judgment be DENIED WITHOUT

---

[1] Plaintiff voluntarily dismissed Defendant Bill Nilsson pursuant to Federal Rule of Civil Procedure 41.  (*See* Docs. 8, 10.)  Defendant Anthony Lambetecchio is the only remaining defendant in this action.

1

PREJUDICE and that entry of default against Defendant Anthony Lambetecchio be SET ASIDE.

## I. FACTUAL BACKGROUND

On December 10, 2020, Plaintiff filed this action pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12181 *et seq.*, and California's Unruh Civil Rights Act, California Civil Code § 51, alleging violations at property owned by Defendant located at 2686 N. Clovis Ave, Fresno, CA 93727 ("Property"), and upon which A Better Bed Mattress Factory & Showroom ("Business") is located.  (Doc. 1, Compl.)  Bill Nilsson, a former defendant in this action, reportedly owned and operated A Better Bed Mattress Factory & Showroom. (*Id.* at ¶ 4.)

Plaintiff alleges that he is substantially limited in performing one or more major life activities, he relies upon mobility devices to ambulate and he suffers from a qualified disability under the ADA. (*Id.* at ¶ 1.)  Plaintiff asserts that the Property at issue presents architectural barriers that denied his right to enjoy full accessibility and the goods and services offered at the Business.  (*Id.* at ¶¶ 19, 22.)  Plaintiff's complaint seeks damages, attorneys' fees and costs, and injunctive relief.  (*Id.* at pp. 8-9.)

As noted, Plaintiff voluntarily dismissed Bill Nilsson from this action on January 13, 2021.  (Docs. 8, 10.)  On January 27, 2021, according to the proof of service, Plaintiff served Defendant with the summons and complaint by substituted service at Defendant's office or usual place of business located at 1521 W. Nielsen, Fresno, CA 93706. (Doc. 11.)  Defendant did not respond to the complaint, and the Clerk of Court entered default against him on March 2, 2021. (Doc. 14.)  Plaintiff filed the instant motion against Defendant on June 11, 2021, seeking default judgment in the total sum of $8,269.25 for statutory damages and attorneys' fees and costs, along with injunctive relief.  (Doc. 18.)

## II. DISCUSSION

### A. Default Judgment

In deciding whether to grant or deny a default judgment, a court should assess the adequacy of the service of process on the party against whom default is requested.  *See, e.g.,*

2

*Farmers Auto. Ins. Ass'n v. Long,* No. 1:13-cv-01236 AWI BAM, 2014 WL 12773792, at *1 (E.D. Cal. Mar. 13, 2014)*; Coach, Inc. v. Diva Shoes & Accessories*, No. 10-5151 SC, 2011 WL 1483436, at *2 (N.D. Cal. Apr. 19, 2011); *Katzakian v. Check Resolution Service, Inc.*, No. 1:10-cv-00716 AWI GSA, 2010 WL 5200912 at *2 (E.D. Cal. Dec. 15, 2010).

Federal Rule of Civil Procedure 4 sets forth the requirements for serving an individual within a judicial district of the United States.  An individual may be served by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

California law, in turn, permits substituted service upon an individual if a copy of the summons and complaint cannot with reasonable diligence be personally delivered by:

> leaving a copy of the summons and complaint at the person's. . . usual place of business . . . in the presence of . . .a person apparently in charge of his or her . . . place of business…at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left.

Cal. Code Civ. P. § 415.20(b).

According to the proof of service on file, personal service of Defendant was attempted on three different dates at three different times at Defendant's office or usual place of business located at the following address:  1521 W. Nielsen, Fresno, California 93706.   (Doc. 11.)  On the third attempt, Defendant was served by leaving copies of the summons and complaint at Defendant's office or usual place of business identified as, with Jack Smith, a person at least 18 years of age apparently in charge.  Mr. Smith was informed of the general nature of the papers.

3

Thereafter, copies of the summons and complaint were mailed to Defendant at the same business address by first-class mail, postage paid. (Doc. 11.)

The office or business address used for service of the summons and complaint does not match records submitted to the Court in support of the application for default judgment. According to the application and supporting declaration of Plaintiff's counsel, counsel's law firm conducted a public records search in order to ascertain the owners of the Property. Counsel submitted true and correct copies of those records as Exhibit 4 to the Declaration of Joseph R. Manning, Jr. (Doc. 18-3; Manning Decl. at ¶ 3, Ex. 4.) Exhibit 4 includes a "GRANT DEED" recorded in Fresno County on May 17, 2010, and a "Property Profile" as of October 30, 2020. (Doc. 18-6.) These documents identify Defendant's proper address as "1521 **E.** Nielsen." (*Id.* (emphasis added).) However, this "**E.** Nielson" address is not the same street address used for substituted service. Substitute service was stated to be effectuated at "1521 **W.** Nielsen." (Doc. 11.)

Given the discrepancy between the addresses, the Court cannot find that Plaintiff properly served Defendant pursuant to Federal Rule of Civil Procedure 4(e)(1).

### B. Entry of Default

The address discrepancy also implicates the entry of default against Defendant Lambetecchio. Rule 55(c) gives a district court the discretion to set aside entry of default upon a showing of good cause. Fed. R. Civ. P. 55(c). A district court has the authority to set aside an entry of default sua sponte for good cause. *See, e.g., Sarieddine v. Area 51 Pharms, LLC*, No. 2:19-cv-10715-ODW (MRWx), 2020 WL 4539024, at *5 (C.D. Cal. Aug. 6, 2020) (noting court can set aside entries of default sua sponte); *New Milani Grp., Inc. v. Aslani*, No. 17-cv-02791 SJO (PJWx), 2017 WL 8220225, at *1 (C.D. Cal. June 9, 2017) (same); *Investcorp Retirement Specialist, Inc. v. Ohno*, Civ. No. 07-1304, 2007 WL 2462122, at *2 (N.D. Cal. Aug. 28, 2007) ("The court may set aside entries of default *sua sponte*."). The "good cause" analysis considers three factors: "(1) whether [defendant] engaged in culpable conduct that led to the default; (2) whether [defendant] had a meritorious defense; or (3) whether reopening the [action] would prejudice [plaintiff]." *Franchise Holding II, LLC. v. Huntington Restaurants Group, Inc.*, 375

4

F.3d 922, 926 (9th Cir. 2004); *see also United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010).

Here, consideration of the relevant factors weighs in favor of setting aside the default entered against Defendant Lambetecchio. First, there is no indication that Defendant engaged in any culpable conduct that led to the default. Instead, it appears that service was not proper under Federal Rule of Civil Procedure 4. The record lacks any suggestion that Defendant received notice of the action and failed to answer.

Second, there is no indication that Defendant lacks a meritorious defense or that he would be unable to allege sufficient facts, if true, that would constitute a defense.

Third, and finally, there is no indication that setting aside default would prejudice Plaintiff or cause a needless or unwarranted delay in this action. This action has been pending only since December 2020, service on Defendant was not attempted until late January 2021, and default was not entered until March 2, 2021, less than four months ago.

Based on these factors, the Court finds good cause to set aside the entry of default and therefore will recommend that default against Defendant Lambetecchio be set aside.

### III.     CONCLUSION AND RECOMMENDATION

Based on the foregoing analysis, IT IS HEREBY RECOMMENDED as follows:

1. Plaintiff's motion for default judgment against Defendant Anthony Lambetecchio (Doc. 18) be denied without prejudice; and
2. The Clerk's entry of default against Defendant Anthony Lambetecchio be set aside for good cause.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file

///

///

objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **July 22, 2021**              /s/ Barbara A. McAuliffe            _
                                                           UNITED STATES MAGISTRATE JUDGE